**CORDES et v DUBOIS, Treas., Etc.**

Ohio Appeals, 1st Dist, Butler Co.

No. 771. Decided Dec. 4, 1939.

Joseph W. Sharts, Dayton and John D. Andrews, Hamilton, for appellant.

Thomas W. Herbert, Atty. Gen., Columbus and Chas. F. Ohl, Asst. Atty. Gen., Columbus, for Miami University, appellee.

Paul A. Baden, Pros. Atty., Hamilton, for Treas., Butler Co., appellee.

SHERICK, PJ., LEMERT and MONTGOMERY, JJ. (5th Dist.), sitting by designation.

## OPINION

By SHERICK, PJ.

The pleadings in this cause are in fact replicas of those recited in **DuBois, Treas. v Baker, 52 Oh Ap 148.** The evidence in the presented controversy but develops the averments thereof. A repetition of either would be of no profit, and will not be engaged in.

This cause contains but one point which was not made or decided in the Baker case. It produces this further question: If these lands are taxable, other than by the State, who shall pay them, the University as landlord or the lessee as tenant under his ninety-nine year lease?

The trial court unhesitatingly followed and approved of the law announced in the Baker case. This court is importuned by this review on law and fact to reach a different conclusion. The trial court in the course of its opinion in commenting upon the Baker case, remarks that: "If there is to be a reversal it is better that the Court of Appeals murder its own child." The burden is now doubled, because this court, if it were to reach a different conclusion, must not only commit infanticide but fratricide as well. We find no necessity therefor.

It is our judgment that the law stated in the Baker case is sound in logic and in principle and was correctly applied by the trial court to the issues before it in the present controversy. This court unqualifiedly subscribes to the same view, and with respect to the developed facts reaches a conclusion which is in full accord with the trial court's findings. We are unable to improve upon the opinion in the Baker case. We adopt its reason and conclusion.

With respect to the query, as to who shall pay these subdivison taxes, we reach the same concluson which the Common Pleas Court arrived at. In its opinion, holding the lessee responsible for the payment of local taxes, four reasons are assigned. First: There being no specific exemption from local tax burdens the lessee must pay. Second: §5330 GC, and its predecessor sections direct that lessees shall pay them. Third: The lessee's payment of these taxes for many years without protest is a surrender of any such privilege of exemption. In fact, an estoppel is a good defense to such a claim. Fourth: The general equities that would thereafter exist between the parties should preclude the injunctive relief sought. Each and every one of the reasons assigned should be and is dispositive of this suit. The relief prayed for is denied. Decree accordingly.

LEMERT and MONTGOMERY, JJ., concur.